1             The Honorable

2

3

4

5

6

7

8

9

10         UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON AT TACOMA

11

12 AMERICAN GUARANTEE AND LIABILITY    )
INSURANCE COMPANY, STEADFAST        )     NO.

13 INSURANCE COMPANY, AMERICAN ZURICH )
INSURANCE COMPANY, ZURICH AMERICAN )

14 INSURANCE COMPANY, AND ZURICH       )     COMPLAINT FOR INJUNCTIVE
AMERICAN INSURANCE COMPANY OF      )     RELIEF AND DAMAGES

15 ILLINOIS,                           )

16         Plaintiffs,             )

17     v.                        )

18 WESTERN EXPERTS IN TRANSPORTATION,  )
LLC AND D.W. FERGUSON & ASSOCIATES,  )

19 INC., DOUGLAS FERGUSON AND DELLA   )
FERGUSON                      )

20       Defendants.         )

21

22      Plaintiffs American Guarantee and Liability Insurance Company, Steadfast Insurance

23 Company, American Zurich Insurance Company, Zurich American Insurance Company, Zurich

24 American Insurance Company of Illinois, and (collectively, "Zurich"), by and through their

25 attorneys, by way of this Complaint against defendants Western Experts in Transportation, LLC,

26 and D.W. Ferguson & Associates, Inc., state as follows:

27

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 1
#1094061 v1 / 10007-558

I.    PARTIES

1.    Plaintiff American Guarantee and Liability Insurance Company ("AGLIC") is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and a main administrative office or principal place of business located at 1299 Zurich Way Schaumburg, IL. 60196.  AGLIC is authorized to transact business and has transacted business in Washington.

2.    Plaintiff Steadfast Insurance Company ("Steadfast") is a Delaware corporation engaged in the insurance business with a statutory home office located at 32 Loockerman Square, Dover, Delaware 19904, and a main administrative office or principal place of business located at 1299 Zurich Way Schaumburg, IL. 60196.  Steadfast operates as a qualified surplus lines insurer in Washington.

3.    Plaintiff Zurich American Insurance Company of Illinois ("ZAICI") is an Illinois corporation engaged in the insurance business with a statutory home office and a main administrative office or principal place of business located at 1299 Zurich Way Schaumburg, IL. 60196.  ZAICI is authorized to transact business and has transacted business in Washington.

4.    American Zurich Insurance Company ("AZIC") is an Illinois corporation engaged in the insurance business with a statutory home office and a main administrative office or principal place of business located at 1299 Zurich Way Schaumburg, IL. 60196.  AZIC is authorized to transact business and has transacted business in Washington.

5.    Plaintiff Zurich American Insurance Company ("ZAIC") is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York, 10006, and a main

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 2
#1094061 v1 / 10007-558

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1   administrative office or principal place of business at 1299 Zurich Way Schaumburg, IL.

2   60196. ZAIC is authorized to transact business and has transacted business in Washington.

3

4         6.      Defendant Western Experts in Transportation LLC ("Western Experts") is

a Washington limited liability corporation engaged in the insurance brokerage and consulting

5

6   business located in Kingston, Washington. Its two principals are defendants Douglas W. and

7   Della Ferguson.

8         7.      Defendant D.W. Ferguson & Associates, Inc. ("Ferguson Inc.") is a

9   Washington corporation also engaged in the insurance brokerage and consulting business located

10   in Kingston, Washington. Its two principals are defendants Douglas W. Ferguson and Della

11   Ferguson.

12
            II.     JURISDICTION AND VENUE
13

14         8.      The court has subject matter jurisdiction over this action for a declaratory

15   judgment pursuant to 28 U.S.C. § 2201, because an actual justiciable controversy exists between

16   the parties within the court's jurisdiction, as described more fully herein.

17         9.      The court has subject matter jurisdiction over this action pursuant to 28

18   U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and the action is between

19   citizens of different states. The jurisdiction amount is satisfied because, as described more fully

20   herein, the Defendants collect premiums that exceed $75,000 monthly and because Defendants

21   owe collectively amounts due that exceed $75,000.

22         10.     The court has personal jurisdiction over Defendants because they own

23   property and conduct business in Kitsap County, Washington that is the subject matter of this

24   action.

25         11.     Venue is proper pursuant to 28 U.S.C. § 1391(a) because Defendants'

26   business and property, which is the subject of this action, is within the judicial district of the

27   United States District Court for the Western District of Washington.

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 3
#1094061 v1 / 10007-558

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

## III. FACTS

12.     Effective June 1, 2009, American Guarantee and Liability Insurance Company, American Zurich Insurance Company, Zurich American Insurance Company, and Zurich American Insurance Company of Illinois entered into a General Agency Agreement with Western Experts and Ferguson Inc.  Douglas W. Ferguson signed the agreement for Western Experts and Ferguson Inc.  Under this Agency Agreement, Western Experts and Ferguson Inc. are collectively referred to as the "Program Administrator" or "Agent."  A true and correct copy of this General Agency Agreement without its attachments is annexed hereto at Exhibit 1.  This group of plaintiff companies may be referred to herein as "AGLIC."

13.     Effective June 1, 2009, Steadfast Insurance Company entered into a General Agency Agreement with Ferguson Inc.  Douglas W. Ferguson signed the agreement for Ferguson Inc., which under the Agreement is referred to as the "Program Administrator" or "Agent."  A true and correct copy of the General Agency Agreement between Ferguson Inc. and Steadfast, without its attachments, is annexed hereto at Exhibit 2.

14.     Under the Agreements, AGLIC and Steadfast (hereinafter collectively referred to as "Zurich") authorized the Program Administrators to solicit and receive applications for insurance; rate, quote, bind, underwrite, issue and deliver policies or certificates of insurance; and decline, cancel and renew policies for Zurich, all within the underwriting guidelines incorporated by reference in the Agreements.

15.     These Agreements benefited the Program Administrators by providing them with the right to earn commissions on all insurance business they placed on behalf of Zurich.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 4
#1094061 v1 / 10007-558

16.     Pursuant to the AGLIC Agreement, Ferguson Inc. and Western Experts were authorized to underwrite transportation insurance policies on behalf of AGLIC in accordance with the underwriting guidelines issued by Zurich.

17.     Pursuant to the Steadfast Agreement, Ferguson Inc. was authorized to underwrite transportation insurance on behalf of Steadfast in accordance with the underwriting guidelines issued by Zurich.

18.     Ferguson Inc. and Western Experts are bound by the terms and conditions of the Agreements.

### Obligations With Regard To Premium Trust Funds

19.     Article V of the Agreements addresses the Agent's duty to collect and remit insurance premium trust funds due to Zurich.

20.     Under Section 5.01 of the AGLIC Agreement, the Agent agreed:[1]

*[Western Experts and Ferguson Inc.] shall collect, receive, account and timely remit to [Zurich] all premiums and other charges due from policyholders or other parties*, including but not limited to all applicable fees, surcharges and taxes imposed by any federal, state or municipal authority whether the policy is written directly by [Western *Experts* and Ferguson Inc.] or through [Western *Experts* and Ferguson Inc.] or sub-producers. Except as provided by Section 5.04 Audit Premiums, [*Western Experts and Ferguson Inc.*] *shall remit premiums or other charges to [Zurich] for insurance written pursuant to this Agreement when due whether or not [Western Experts and Ferguson Inc.] ha[ve] collected the premiums or other charges.* [*Western Experts and Ferguson Inc.*] shall not extend the time for payment of premiums or other monies due [Zurich]. Any credit extended by [*Western Experts and Ferguson Inc.*] to the policyholder or any other party shall be at the sole risk of [*Western Experts and Ferguson Inc.*] [*Western Experts and Ferguson Inc.*] shall also collect and remit to [Zurich] any additional premium or other charges which are due or delinquent through audit, or audit and reporting form policies.

21.     Section 5.01 of the Steadfast Agreement is substantively identical to the language quoted from the AGLIC Agreement.

---

[1] Emphasis added.

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 5
#1094061 v1 / 10007-558

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

22.     Section 5.03 of the Agreements specifies the Premium Due Dates by which the Agent must remit insurance premiums and other charges due to Zurich.  Specifically, Section 5.03 requires the Agent to pay all such premiums and other charges to Zurich's lockbox in Chicago, Illinois "*no later than thirty (30) days after the end of the month in which the binder, policy, installment or transaction was effective*."  (Emphasis added).

23.     Under Section 5.05 of the Agreements, Zurich reserved the right to amend, suspend or terminate any or all of Agent's authority in the event of a failure by Agent to timely remit premium trust funds or other charges due to Zurich.

24.     Agent agreed at Section 5.06 of the Agreements that "[i]f premium due … remains unpaid for a period of more than ten (10) days after the payment due date, the amount of such unpaid premium shall be increased by a late charge to be paid by the Agent in an amount equal to one point five percent (1.5%) of the amount of the delinquent payment."

25.     Agent also agreed at Section 5.06 that the 1.5% contractual late fee "is a reasonable estimate of the loss and expense to be suffered by [Zurich] as a result of such late payment by the Agent and may be charged by [Zurich] to defray such loss and expense," and that Section 5.06 "shall not limit [Zurich's remedies] in the event any premium payment is unpaid after the due date."

26.     Article VI of the Agreements address the Agent's fiduciary duties with respect to the care and handling of premium trust funds.

27.     Section 6.01 of the Agreements provides that the Agent must deposit all premium trust funds it collects on Zurich's behalf in a premium trust fund account (hereinafter, the "Premium Trust Fund Account").  Section 6.01 specifically provides in part:

> *All premium and other related monies collected or received by the Agent on behalf of [Zurich], both during and after*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 6
#1094061 v1 / 10007-558

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

*termination of this Agreement, shall be held in a fiduciary capacity as trustee for [Zurich] and promptly deposited in a fiduciary premium trust fund account in a bank satisfactory to [Zurich] which is a member of the Federal Reserve System.* While a separate premium trust fund account for [Zurich] is not required, all premium and other related monies held on behalf of [Zurich] shall be clearly designated when the account has multiple beneficiaries. The Agent . . . shall direct the bank to furnish to [Zurich] such information as [Zurich] may require, including but not limited to, the amount on deposit on behalf of [Zurich] in any such account at any time and a list of the checks drawn on any of [Zurich's] accounts containing the names of the payee and the amount, and any other information requested by [Zurich].

28.     Section 6.02 of the Agreements requires the Agent to "promptly and fully cooperate with [Zurich] if [Zurich] attempts to perfect a security interest in the premium trust fund account and/or instrument up to the amount of premium held on [Zurich's] behalf in the account."

29.     Section 6.04 of the Agreements identifies the limited circumstances in which the Agent may withdraw funds from the Premium Trust Fund Account.  This section provides that the Agent may withdraw sums from the premium trust fund account" only under the following three circumstances: (a) to make payments due to Zurich; (b) to pay commissions due the Agent; or (c) to pay return premiums and unearned commissions due policyholders or premium finance companies.

30.     Further, under Section 6.05 of the Agreements, Defendants agreed they "*shall not commingle any premium or other related monies collected pursuant to this Agreement with operating funds or other non-premium funds held by the Agent in any other capacity*." (Emphasis added).

31.     Section 6.06 of the Agreements also makes clear that nothing done by Zurich "shall modify or waive the fiduciary relationship required by this agreement as to the premium collected by the Agent."

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 7
#1094061 v1 / 10007-558

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

32.     The terms and conditions of the Agreements also define the parties' rights and obligations with respect to matters other than the care and handling of premium trust funds by Defendants.

33.     By way of example, Article VII of the Agreements provides Zurich with the contractual right to review the Agent's records and perform financial audits at such times and as often as Zurich shall reasonably request.

34.     In specific, Section 7.01 states in part that Zurich shall have the right to "visit, examine, audit and copy" any "policy files, underwriting files, rating and pricing files, work papers, financial records, and other files or records, including electronic records," pertaining to Zurich policies belonging to or in the possession of the Agent.

35.     Section 7.01 further provides that Zurich shall have the right to perform, at its discretion, "routine audit tests of the Agent's systems and procedures, policy issuance, declinations, acceptance, construction, pricing, records, screening, and documentation processes per trade restrictions, and accounting records to ensure reasonable internal controls with respect to the Agent's accounting procedures . . . ."

36.     Section 7.01 also entitles Zurich to "review and discuss the finances and accounts of the Agent, compliance with the Agreement and any other matters … with the Agent's … including independent accountants, bankers, or parent entity."

37.     Section 8.01 of the Agreements requires the Agent to prepare annual financial statements in accordance with GAAP and to furnish a copy of such financial statements to Zurich within ninety (90) days of the end of the reporting period, along with a copy of any associated audit opinion letter.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 8
#1094061 v1 / 10007-558

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

38.     Section 10.01 of the Agreements addresses the compensation to be paid to the Agent for services under the Agreements.

39.     Specifically, Section 10.01 states that the Agent's "sole remuneration for all services and duties the Agent may perform for [Zurich] . . . shall be its commissions and other income at the rates specified" on an attachment to the Agreements.

40.     Section 10.01 of the Agreements further provides that "No commission will be paid to the Agent on premiums that are not paid to [Zurich]."

41.     Article XV of the Agreements addresses issues in connection with the term and termination of the Agreements.

42.     Section 15.04 of the Agreements provides that, upon ten (10) days written notice, Zurich may terminate the Agreement in Zurich's "sole discretion," if, *inter alia*, the Agent fails to remit premium trust funds to Zurich when due and payment is not made within ten (10) days of the Company's written notice to the Agent.

43.     Section 15.05 of the Agreements provides that Zurich may "immediately" terminate the Agent "for cause" upon written notice if the Agent, *inter alia*, "commits a fraudulent act or engages in illegal conduct, that is material to the Program . . . ."

44.     Under Section 15.06 of the Agreements, upon termination of the Agreements, the Agent "shall account to [Zurich] for all premiums or other transactions unaccounted for at the time of termination or arising thereafter with respect to the Program."

45.     Section 15.07 of the Agreements provides that, after the effective date of termination of the Agreements, the Agent shall not issue any new policies, bind any new insurance on behalf of Zurich, or extend, renew or increase Zurich's liability on any existing policy or binder.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 9
#1094061 v1 / 10007-558

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

46.     Further, Section 15.07 of the Agreements provides that the Agent's obligation for "collection of premiums and the accounting of premiums and commissions and settling all balances, shall remain in full force and effect until all liabilities of [Zurich] under all policies issued by the Agent hereunder are finally discharged."

47.     With respect to rights to expirations after termination of the Agreement, Section 15.08(2) provides in relevant part:

> If the Agent is in default on the payment of monies to [Zurich] for any reason under the terms of this Agreement following termination thereof in an amount greater than Fifty Thousand Dollars ($50,000), *any and all expirations that are the property of the Agent having a value commensurate with the Agent's indebtedness shall become the property of [Zurich] within thirty (30) days of termination of this Agreement unless such indebtedness is cured within said thirty (30) day period*. In such instance, [Zurich] may take possession of the Agent's records. . . . If, in disposing of such accounts at its discretion, [Zurich] does not realize sufficient proceeds to discharge in full the Agent's indebtedness to [Zurich], the Agent shall remain liable for the balance of such indebtedness. . . . (Emphasis added).

48.     In the event of termination of the Agreements, Section 15.09 of the Agreements requires the Agent, in accordance with Zurich's instructions, to "promptly surrender to [Zurich] all books, supplies, undelivered policies, databases, information on websites created for or provided by [Zurich], or other property furnished by [Zurich] to [Western Experts] or accessed by [Western Experts] with the permission from [Zurich] with an accounting thereof."

49.     Section 17 of the Agreements set forth additional Miscellaneous Provisions.

50.     One of the Miscellaneous Provisions, Section 17.07, provides that "[t]he laws of the State of New York shall govern all matters concerning the validity, performance and interpretation of this Agreement[s]."

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 10
#1094061 v1 / 10007-558

51.    For a number of policies placed by Western Experts and Ferguson Inc. pursuant to the Agreements, these Defendants have failed to remit premium trust funds due to Zurich.

52.    Certain Statements of Account prepared by Zurich and issued to Western Experts and Ferguson Inc. reflect the premium due Zurich under policies placed by them.

53.    Defendants were advised of past due amounts owed to Zurich from February and March of 2017 totaling $647,672.67 gross / $417,293.65 net.  On April 18, 2017 Zurich received check # 6271 for $47,597.54 from Defendants' Premium Trust Account.  This sum was to be applied to the amount due from February and March.  On April 19, 2017 Zurich received an additional $318,451.00 wired from a private account at Merrill Lynch for which Douglas and Della Ferguson were identified as trustees, to be applied to the amounts due from February and March.  This left a balance of $50,245.11.

54.    Defendants were also advised of past due amounts from April 15, 2017 totaling $511,114.62 gross / $423,167.88 net.  On April 22 Zurich received check # 6276 for $40,717.72 from Defendants Premium Trust Account that was applied to the outstanding balance.  On April 27, $400,000 was wired from Della Ferguson's personal account at Merrill Lynch.  While this represented an overpayment for April, when applied against the prior outstanding balance of $50,245.11, $33,240.27 remained due.

55.    Defendants were advised that $413,368.24 gross / $338,690.66 net would become due on May 15, 2017.  As of May 18, 2017, no payment has been made.

56.    Upon information and belief, Defendants have collected insurance premium trust funds due to Zurich and will continue to collect premium amounts due to Zurich under such Statements of Accounts until all premium trust funds identified therein are collected.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 11
#1094061 v1 / 10007-558

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

57.     Zurich had contacted Defendants in November and December of 2016 and again in January 2017 regarding delinquency issues, late payments and partial payments. Defendants did not provide satisfactory answers.

58.     By letter to Western LLC and Ferguson Inc. dated June 16, 2016, Zurich terminated the Agreements, effective October 31, 2016, "which will be the last date for any new business and any qualified renewals."

**Count One:  Injunction Preventing Dissipation of Premium Funds**

1.     Zurich repeats and realleges the allegations contained in the foregoing paragraphs as if set forth fully herein.

2.     As set forth above, Defendants owed duties to Zurich under the Agreements to collect and remit premium payments from Zurich's policyholders to Zurich.

3.     Policyholders pay premium to Defendants, on behalf of Zurich, to obtain and maintain insurance coverage with Zurich.

4.     Under the Agreements and New York law, the premiums collected by Defendants on behalf of Zurich are trust funds.

5.     Under the Agreements and New York Insurance Law § 2120, Defendants were and are responsible in a fiduciary capacity for all premium trust funds it collected and received on Zurich's behalf.

6.     Defendants however, have failed to honor their fiduciary obligations to Zurich in regard to the care and handling of Zurich's premium trust funds.

7.     Defendants have dishonored their fiduciary obligations to Zurich by, *inter alia*, (a) failing to remit premium trust funds due to Zurich that Defendants collected on Zurich's behalf, (b) failing to maintain and hold Zurich's premium trust funds in the Premium Trust Fund

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 12
#1094061 v1 / 10007-558

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

Account; (c) improperly commingling Zurich's premium trust funds with other funds, and (d) using and dissipating Zurich's premium trust funds for Defendants' own purposes.

8.      Upon information and belief, Defendants are continuing to collect premium trust funds from Zurich's policyholders in regard to policies placed before the termination of the Agreements, and continuing to dishonor its fiduciary obligations owed to Zurich in regard to the care and handling of such premium trust funds. Defendants' failure to remit premium trust funds due to Zurich creates a heightened risk that errors could occur in the binding of coverage and/or that a policyholder who paid the required premium to Defendants could experience a lapse in coverage.

9.      Unless restrained from dissipating or using any premium trust funds they collects or have collected on Zurich's behalf, Plaintiffs will cause Zurich great and irreparable injuries, for which there is no adequate remedy at law.

10.     Zurich enjoys a likelihood of success on the merits of this action, and the balance of equities also favors Zurich.

11.     Consequently, for all the above reasons, the Court should enjoin Plaintiffs from dissipating or using any premium trust funds they collect or have collected on Zurich's behalf, except to pay such premium trust funds into the Court or to Zurich pending final judgment in this action.

12.     Further, as regards net premium trust funds that Plaintiffs continue to collect on behalf of Zurich, the Court should direct Plaintiffs to deposit all such premium trust funds directly into the Premium Trust Fund Account established for Zurich's premium trust funds at TD Bank, N.A.

**Count Two:  Imposition of a Constructive Trust on Defendants' Accounts**

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 13
#1094061 v1 / 10007-558

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

13.     Zurich repeats and realleges the allegations contained in the foregoing paragraphs as if set forth fully herein.

14.     Defendants have improperly commingled Zurich's premium trust funds with its operating funds and non-trust accounts.

15.     Defendants' conversion and retention of Zurich's premium trust funds is wrongful and Defendants are unjustly enriched as a result of its retention and use of these funds.

16.     Defendants cannot, in good conscience, retain any interest in Zurich's premium trust funds.

17.     Unless a constructive trust is imposed on all funds in the possession, custody or control of Defendants in an amount equal to all net premium trust funds due to Zurich under policies of insurance placed by Defendants and issued by Zurich, Defendants will cause Zurich great and irreparable injuries, for which there is no adequate remedy at law.

18.     Zurich enjoys a likelihood of success on the merits of this action, and the balance of equities also favor Zurich.

19.     Consequently, the Court should impose a constructive trust on Defendants Premium Trust Fund Account and operating bank accounts in an amount equal to all net premium funds due to Zurich under policies of insurance placed by Defendants and issued by Zurich.

**Count Three:  Injunction Directing Payment of Premium Funds into Court or to Zurich**

20.     Zurich repeats and realleges the allegations contained in the foregoing paragraphs as if set forth fully herein.

21.     Section 17.07 of the Agreements provides that "[t]he laws of the State of New York shall govern all matters concerning the validity, performance and interpretation of this Agreement[s]."

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 14
#1094061 v1 / 10007-558

22.    Accordingly, the law of New York applies to all matters in this action concerning the validity, performance and interpretation of the Agreements.

23.    Section 2701 of the New York Civil Practice Law and Rules ("CPLR") authorizes the Court to direct Defendants to pay all Zurich premium trust funds in the possession, custody or control of Defendants that are the subject of this action into the Court or to such person as the Court may direct.

24.    Defendants have in their possession, custody or control premium trust funds belonging to Zurich that are the subject of this action.

25.    Upon information and belief, Defendants also continue to collect premium trust funds from Zurich's policyholders in regard to policies placed before the termination of the Agreements.  These premium amounts are also the subject of this action.

26.    Pursuant to the Agreements and New York law, all premium trust funds collected by Defendants on behalf of Zurich are required to be held by Defendants as trustee for Zurich.

27.    All premium trust funds collected by Defendants on behalf of Zurich constitute personal property capable of delivery.

28.    Unless Defendants are enjoined and directed to pay all net premium trust funds it has collected or collects on Zurich's behalf into the Court pending final judgment in this action or to Zurich in accordance with its instructions, Defendants will cause Zurich great and irreparable injuries, for which there is no adequate remedy at law.

29.    Zurich enjoys a likelihood of success on the merits of this action, and the balance of equities also favor Zurich.

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 15
#1094061 v1 / 10007-558

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

30.     Consequently, pursuant to Section 2701 of the CPLR and the Court's equitable powers, the Court should order Defendants to pay all net premium trust funds it has collected or collects on Zurich's behalf into the Court or to Zurich pending final judgment in this action.

**Count Four: Breach of Contract for Failure to Remit Premium Funds**

31.     Zurich repeats and realleges the allegations contained in the foregoing paragraphs as if set forth fully herein.

32.     Effective June 1, 2009, Western Experts and Ferguson Inc. entered into a legally enforceable contract with AGLIC, bearing the title "Program Administrator Agreement."

33.     Effective June 1, 2009, D.W. Ferguson & Assoc., Inc., entered into a legally enforceable contract with Steadfast, bearing the title "Program Administrator Agreement."

34.     The Agreements remained in force at all times relevant to this Complaint.

35.     As set forth above, owed contractual duties to Zurich under the Agreements, including, but not limited to, a duty to collect and remit premium payments to Zurich by the due date specified in Section 5.03 of the Agreements.

36.     Defendants have breached the Agreements in the following ways, including, but not limited to:

a.     By failing to remit premium trust funds to Zurich that Defendants billed and collected on Zurich's behalf and/or that are due to Zurich under policies of insurance issued by Zurich;

b.     By failing to deposit premium trust funds collected on Zurich's behalf in the Premium Trust Fund Account and/or withdrawing funds from the Premium Trust Fund Account for purposes not permitted under Section 6.04 of the Agreements.

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 16
#1094061 v1 / 10007-558

c.      By commingling premium trust funds with operating funds or non-premium funds in violation of Section 6.05 of the Agreements.

d.      By improperly retaining commissions on premium trust funds not paid to Zurich in violation of Section 10.01 of the Agreements.

e.      By failing to provide Zurich with an accounting of all premiums and transactions unaccounted for as of the date Zurich terminated the Agreements in accordance with paragraph 15.06 of the Agreements.

37.    As a result of these breaches of the Agreements, Zurich has suffered damages.

### Count Five:  Breach of Fiduciary Duty

38.    Zurich repeats and realleges the allegations contained in the foregoing paragraphs as if set forth fully herein.

39.    By entering into the Agreements with Zurich, Defendants undertook a fiduciary duty to Zurich to handle any insurance premiums received by Defendants as trustees for Zurich.  The Agreements specifically provide:

> All premium and other related monies collected or received by [Defendants] on behalf of [Zurich], both during and after termination of this Agreement, shall be held in a fiduciary capacity as trustee for [Zurich] and promptly deposited in a fiduciary premium trust fund account in a bank satisfactory to [Zurich] which is a member of the Federal Reserve System. . . .

40.    Additionally, pursuant to New York Insurance Law § 2120, Defendants were and are responsible in its fiduciary capacity for all premium trust funds they collected and received on Zurich's behalf.

41.    As set forth above, Defendants are responsible under the Agreements for premium trust funds due to Zurich in an amount not less than $446,608.51 plus 1.5%.

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 17
#1094061 v1 / 10007-558

42.     Pursuant to the Agreements, Defendants had a fiduciary duty to segregate and hold these funds in the Premium Trust Fund Account on Zurich's behalf and to pay such premiums to Zurich by the due date specified in the Agreements.

43.     Defendants have dishonored its fiduciary duties in the following ways, including but not limited to:

a.     By failing to remit premium trust funds to Zurich that Defendants billed and collected on Zurich's behalf and/or that are due to Zurich under policies of insurance issued by Zurich;

b.     By failing to deposit premium trust funds collected on Zurich's behalf in the Premium Trust Fund Account and/or withdrawing funds from the Premium Trust Fund Account for purposes not permitted under Section 6.04 of the Agreements;

c.     By failing to segregate and hold premium trust funds belonging to Zurich in the Premium Trust Fund Account as trustee for Zurich;

d.     By commingling premium trust funds with operating funds or non-premium funds; and

e.     By using and dissipating Zurich's premium trust funds for Defendants' own purposes.

44.     Defendants' breaches of their fiduciary duties were at all times adverse to Zurich's interests, in bad faith, and inconsistent with their fiduciary obligations to Zurich under the Agreements and under New York law.

45.     As a result of Defendants' breaches, Zurich has suffered damages.

**Count Six:  Disgorgement and Forfeiture of Commissions**

46.     Zurich repeats and realleges the allegations contained in the foregoing paragraphs as if set forth fully herein.

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 18
#1094061 v1 / 10007-558

47.     As set forth more fully above, Defendants have acted disloyally to their principal, Zurich, in respect to all premium trust funds that Defendants ahve failed to properly segregate and hold in the Premium Trust Fund Account and/or pay to Zurich by the due date specified in the Agreements.

48.     Defendants have therefore acted as faithless agents.

49.     As faithless agents, Defendants must forfeit all commissions retained by them associated with all premium trust funds they have failed to properly segregate and hold in the Premium Trust Fund Account and/or pay to Zurich by the due date specified in the Agreements.

50.     Accordingly, pursuant to the faithless agent doctrine, the Court should disgorge all commissions retained by Defendants associated with all premium trust funds they ahve failed to properly segregate and hold in the Premium Trust Fund Account and/or pay to Zurich by the due date specified in the Agreements.

**Count Seven:  Conversion**

51.     Zurich repeats and realleges the allegations contained in the foregoing paragraphs as if set forth fully herein.

52.     Pursuant to the Agreements and New York Insurance Law § 2120, the premium amounts collected by Defendants on policies issued by Zurich are the property of Zurich, and Defendants were and are required to hold all premium collected on Zurich's behalf in a fiduciary capacity.

53.     At all time, pursuant to the Agreements and New York Insurance Law § 2120, Zurich has an immediate superior right of possession of all premium trust funds collected by Defendants on Zurich's behalf.

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 19
#1094061 v1 / 10007-558

54.     Except to make premium payments to Zurich, to pay commission amounts to itself, or to pay return premiums, Defendants were not authorized under any circumstances to make any disbursements from the premium amounts collected on Zurich's behalf.

55.     Defendants, however, have wrongfully failed to pay premium amounts to Zurich they collected on Zurich's behalf that are due to Zurich under the Agreements.

56.     Accordingly, Defendants have wrongfully converted premium trust funds belonging to Zurich.

### Count Eight:  Unjust Enrichment

57.     Zurich repeats and realleges the allegations contained in the foregoing paragraphs as if set forth fully herein.

58.     Pursuant to the Agreements and New York Insurance Law § 2120, Defendants were and are responsible in their fiduciary capacity for all premium trust funds they collected and received on Zurich's behalf.

59.     Zurich relies on such premium amounts to operate its business, and to maintain the reserves that are necessary to continue insurance coverage and pay claims.

60.     Defendants have violated Zurich's trust and their obligations as Zurich's fiduciaries by retaining premiums due and owing to Zurich.

61.     Defendants have violated Zurich's trust and their obligation as Zurich's fiduciary by failing to place such premium trust funds in the Premium Trust Fund Account, and by consuming these premium amounts in violation of their obligations under the Agreements.

### Count Nine:  Injunctive Relief

62.     Zurich repeats and realleges the allegations contained in the foregoing paragraphs as if set forth fully herein.

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 20
#1094061 v1 / 10007-558

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

63.     Unless restrained from selling, marketing or binding policies issued by Zurich, or making any further representations regarding Zurich, Defendants will cause Zurich great and irreparable injuries, for which there is no adequate remedy at law.

64.     Unless restrained from exercising rights over expirations, Defendants will cause Zurich great and irreparable injuries, for which there is no adequate remedy at law.

65.     Unless directed to turn over all files, documents, books, ledgers, and any other records relating to the Agreements, Defendants will cause Zurich great and irreparable injuries, for which there is no adequate remedy at law.

66.     Unless directed to turn over all files, documents and any other books and records relating to expirations, which become the property of Zurich following termination up to the amount of their indebtedness to Zurich, Defendants will cause Zurich great and irreparable injuries, for which there is no adequate remedy at law.

67.     Unless directed to submit to a full accounting, Defendants will cause Zurich great and irreparable injuries, for which there is no adequate remedy at law.

68.     Unless directed to grant a security interest in the Premium Trust Fund Account pursuant to Section 6.02 of the Agreements, and cooperate through execution of an Account Control Agreement to perfect Zurich's interest in such account, Defendants will cause Zurich great and irreparable injuries, for which there is no adequate remedy at law.

69.     Zurich enjoys a likelihood of success on the merits of this action, and the balance of equities also favor Zurich.

70.     Based on the foregoing, Zurich demands that the Court issue an order permanently enjoining and restraining Defendants and its agents, servants, employees,

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1  executives and principals, and all other persons or entities which are controlled by Defendants or

2  acting in concert with them from:

3           a.       Selling, marketing or binding any policy insured or issued by

4  Zurich;

5

6           b.       Using any marketing materials involving any policy insured or

7  issued by Zurich;

8           c.       Using the Zurich logo in any way in connection with any business

9  of Defendants;

10          d.       Conducting any activity whatsoever that involves Zurich or any

11 policy insured or issued by Zurich other than to collect and pay all premium trust funds due to

12 Zurich to Zurich;

13

14          e.       Taking any action to alter, remove, destroy or otherwise

15 compromise the books and records of Defendants relating to the Agreements;

16          f.       Taking any action with regard to any monies collected or

17 premiums paid in connection with any policy of insurance issued by Zurich other than to pay

18 such premium trust funds to Zurich; and

19          g.       Exercising rights over expirations pertaining to the Agreements;

20 and further

21      Directing Defendants to:

22

23          h.       Account to Zurich for all premiums due to Zurich under the

24 Agreements, as required by Section 15.06 of the Agreements;

25          i.       Promptly surrender to Zurich all books, supplies, undelivered

26 policies, databases, information on websites created for or provided by Zurich, or other property

27

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 22
#1094061 v1 / 10007-558

furnished by Zurich to Defendants or accessed by them with the permission from Zurich with an accounting thereof, as required by Section 15.09 of the Agreements;

j. Prepare and provide Zurich with annual financial statements for 2015 and 2016 in accordance with GAAP, along with a copy of any associated audit opinion letter, as required by Section 8.01 of the Agreements;

k. Provide Zurich will all files, documents and any other books and records (physical and/or electronic) relating to expirations pertaining to the Agreements, as required by Section 15.08 of the Agreements;

l. Submit to a full accounting and audit by Zurich or its representative(s), as required by Section 7.01 of the Agreements; and

m. Grant a security interest to Zurich in the Premium Trust Fund Account pursuant to Section 6.02 of the Agreements, and cooperate through execution of an Account Control Agreement to perfect Zurich's interest in such account.

### Count 10: Declaratory Relief

71. Zurich repeats and realleges the allegations contained in the foregoing paragraphs as if set forth fully herein.

72. Defendants are in default on the payment of monies due Zurich under the Agreements in an amount in excess of $446,608.51 plus 1.5% interest.

73. Zurich terminated the Agreements effective October 31, 2016.

74. Pursuant to Section 15.08(2) of the Agreement, any and all expirations relating to the Agreements that are the property of Defendants having a value commensurate with their indebtedness to Zurich shall become the property of Zurich within thirty (30) days of termination of this Agreement unless such indebtedness is cured within said thirty (30) day period.

75.     Unless Defendants cure all indebtedness to Zurich, any and all expirations relating to the Agreements that were the property of Defendants shall become the property of Zurich to the extent necessary to fully discharge their indebtedness to Zurich.

### Count 11:  Negligence

76.     Zurich repeats and realleges the allegations contained in the foregoing paragraphs as if set forth fully herein.

77.     Defendants at all times relevant hereto owed Zurich a duty to account for and safeguard Zurich's net premium trust funds it had collected on Zurich's behalf.

78.     Defendants are responsible for the negligent acts of its employees and officers occurring within the scope of their employment.

79.     Defendants breached their duties to Zurich by, among other things:

a.      Failing to have adequate accounting safeguards in place to account for and safeguard net premium funds it collected on behalf of Zurich;

b.      Failing to properly manage and account for the Premium Trust Fund Account and Zurich's premium trust funds in Defendants' possession and under their control;

c.      Failing to segregate Zurich's net premium funds from Defendants' operating and other funds, including their personal funds; and

d.      Failing to properly account for net premium funds due Zurich and to remit such funds timely to Zurich pursuant to the Agreements.

As a result of Defendants' aforementioned breaches, Zurich has suffered damages.

### Prayer for Relief

WHEREFORE, Zurich demands judgment against Defendants as follows:

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 24
#1094061 v1 / 10007-558

a.      Enjoining and restraining Defendants from dissipating or using any net premium trust funds they collect or have collected on Zurich's behalf, except to pay such premium trust funds into the Court or to Zurich pending final judgment in this action;

b.      Imposing a constructive trust on Defendants' Premium Trust Fund Account, operating bank accounts, and personal accounts in an amount equal to all net premium trust funds due to Zurich under policies of insurance placed by Defendants and issued by Zurich;

c.      Directing Defendants to immediately pay all net premium trust funds it has collected on Zurich's behalf into the Court or to Zurich pending final judgment in this action;

d.      As regards net premium trust funds that Defendants continue to collect on behalf of Zurich, directing Defendants to deposit all such premium trust funds directly into the Premium Trust Fund Account established for Zurich's premium trust funds at TD Bank, N.A., and to pay such premium trust funds into the Court or to Zurich pending final judgment in this action.

e.      Requiring Defendants to pay Zurich all net premium trust funds due to Zurich under policies of insurance placed by Defendants and issued by Zurich;

f.      Requiring Defendants to pay Zurich a contractual late fee calculated at a rate of 1.5% on all premium trust funds that Defendants failed to remit to Zurich within ten (10) days of the due date for payment of such premium trust funds to Zurich;

g.      Requiring Defendants to forfeit and disgorge all commissions they retained on insurance policies for which Defendants breached their fiduciary duties owed to Zurich in the care and handling of the premium trust funds associated with such policies;

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 25
#1094061 v1 / 10007-558

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1           h.      Requiring Defendants to submit to a full accounting by Zurich or

2 its representative;

3           i.      Directing further injunctive relief as discussed more fully in Count

4

5 Nine of this Complaint;

6           j.      Declaring that any and all expirations relating to the parties'

7 agreements that were the property of Defendants are now the property of Zurich to the extent

8 necessary to fully discharge Walnut's indebtedness to Zurich;

9           k.      Requiring Defendants to pay Zurich interest, costs of suit, and all

10 reasonable costs and expenses, including attorneys' fees, incurred by Zurich in connection with

11 this Action; and

12           l.      For such other and further relief that the Court deems equitable and

13 appropriate.

14

15      Dated this 22nd day of May, 2017.

16

17                  *s/ Jacquelyn A. Beatty*

Jacquelyn A. Beatty, WSBA# 17567
**KARR TUTTLE CAMPBELL**
701 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone:  206-223-1313
Facsimile:  206-682-7100
Email:  jbeatty@karrtuttle.com

*Attorneys for American Guarantee and Liability Insurance Company, Steadfast Insurance Company, American Zurich Insurance Company, Zurich American Insurance Company, and Zurich American Insurance Company of Illinois*

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 26
#1094061 v1 / 10007-558

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1

2
*s/ Michael M. Feinberg*
Michael M. Feinberg WSBA# 11811
**KARR TUTTLE CAMPBELL**

3
701 Fifth Avenue, Suite 3300
Seattle, WA 98104

4
Telephone:  206-223-1313
Facsimile:  206-682-7100

5
Email:  mfeinberg@karrtuttle.com

6
*Attorneys for American Guarantee and Liability*

7
*Insurance Company, Steadfast Insurance Company,*
*American  Zurich  Insurance  Company,  Zurich*

8
*American  Insurance  Company,  and  Zurich*
*American Insurance Company of Illinois*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 27
#1094061 v1 / 10007-558